UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                       Case No. 19-cr-244-pp

JOEL R. BRZENK,

        Defendant.

---

**ORDER ADOPTING JUDGE JOSEPH'S REPORT AND RECOMMENDATION (DKT. NO. 15) AND DENYING MOTION TO SUPPRESS WARRANT (DKT. NO. 10)**

---

The defendant filed a motion to suppress all the evidence acquired from the search of his home on October 4, 2019, asserting that the search warrant lacked probable cause that evidence would be found in that location. Dkt. No. 10. Magistrate Judge Nancy Joseph concluded that the affidavit provided sufficient facts to infer a nexus between the defendant's crime and his residence. Dkt. No. 15 at 3. Judge Joseph found that even if it were not supported by probable cause, the search warrant was valid under the good faith exception established by United States v. Leon, 468 U.S. 897 (1984). Id. at 4. She issued a report recommending that this court deny the motion to suppress. Id. at 5. The defendant timely objected. Dkt. No. 16. The court has reviewed the objections and will overrule them and adopt Judge Joseph's recommendation.

**I.    Standard of Review**

Rule 59(b) governs a district court's referral of motions to suppress to magistrate judges. Fed. R. Crim. P. 59(b). Parties have fourteen days to file

1

"specific written objections" to a magistrate judge's report and recommendation on a motion to suppress. Fed. R. Crim P. 59(b)(2). When reviewing a magistrate judge's recommendation, the district judge must review *de novo* the portions of the magistrate judge's recommendations to which a party timely objects. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2), (3). The court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1).

**II.    Background**

   A.    Factual Background

On October 4, 2019, Officer Holly L. McManus signed an affidavit in support of a search warrant sought in Milwaukee County Circuit Court. Dkt. No. 11-1. McManus explained that she had been employed as an investigator with the St. Francis Police Department for the past eleven years and, as part of her normal duties, investigated burglaries. Dkt. No. 10-1 at ¶1. Specifically, she had investigated a number of burglaries that occurred overnight between September 30, 2019 and October 1, 2019. The first involved a residence located at S. Iowa Avenue. Id. at ¶2. Based on paint transfer marks, McManus concluded that an individual forced entry through the east garage side door using a red pry tool. Id. A second incident the same night on S. Iowa Avenue revealed markings and paint transfer consistent with the first incident. Id. at ¶3. The victim of the second incident reported missing numerous hand power tools. Id.

In the affidavit, McManus said that she recovered surveillance video from the 3700 block of S. Ahmedi. Id. at ¶4. The video, recorded at 2323 hours on September 30, 2019, showed a white male walking down the alley wearing dark tennis shoes with reflective stripes, white ankle socks, blue shorts (possibly

2

jeans), a long-sleeve black t-shirt and black baseball cap with light logo on the front, turned backward. Id. The male could be seen walking between two garages where the side door was located. Id.

In addition, the Milwaukee Police Department responded to a complaint of forced entry into a resident's garage on S. Alabama Avenue on October 1, 2019. Id. at ¶5. Officers recovered from the scene a red pry bar consistent with forced entry. Id. Surveillance footage from a Ring camera at 3713 Alabama showed a white male walking down the alleyway checking yards and carrying a pry bar; he was approximately 5'08" to 5'10", and he was wearing gloves, a long-sleeved t-shirt, shorts, a black baseball cap and tennis shoes with reflective stripes. Id. This occurred at approximately 0135 hours on October 1, 2019. Id.

McManus explained that the St. Francis Police Department compared the red pry bar found at S. Alabama Avenue to the pry marks found on the door frame at S. Iowa Avenue and determined that it appeared to be the same pry bar. Id. at ¶6.

McManus included in the affidavit that on October 2, 2019, a homeowner on E. Cudahy reported that his garage was burglarized and that he was missing tools and his Capitol One credit card. Id. at ¶7. The incident had occurred overnight on September 30, 2019. Id. At approximately 0428 hours on October 1, 2019, an unknown male used the credit card at the BP gas station located at 1200 E. Howard Ave. in Milwaukee to purchase Newport cigarettes. Id.

McManus spoke with the owner of the BP gas station, who had sold the cigarettes, and he reported that the man signed the receipt with the initials "JB." Id. at ¶8. The owner of the gas station provided surveillance footage from

October 1, 2019. Id. at ¶9. The same subject who had been seen walking in the alley with the pry bar had used the credit card. He was wearing dark tennis shoes, jean shorts, a long sleeve black t-shirt and a baseball cap with a white logo; he had a goatee. Id. He drove an older black Acura Integra with a large spoiler on the rear. Id.

Following a news broadcast with images of the suspect and the vehicle, McManus received an anonymous tip from a person who recognized the suspect and identified him as the defendant, living at 4259 S. Pine Avenue. Id. at ¶11. McManus ran the license plate (361XPX) of a black Acura Integra with a large spoiler parked in the driveway of that address; the Department of Transportation listed the registered owner as Joel R. Brzenk, 11/04/2019, of 4520 S. Pine Avenue. Id.

According to NCIC/CIB, the defendant was on probation with the Wisconsin Department of Corrections. Id. at ¶12. McManus spoke with probation Agent Aimee Kroening and learned that the defendant had just discharged from probation. Id. Agent Kroening advised that she had twice attempted to revoke the defendant's supervision but that he had received only sanctions. Id. On one of the occasions she sought revocation, the defendant had fraudulently used his father's credit card. Id. Agent Kroenig viewed the October 1, 2019 surveillance photos from the BP gas station and confirmed the defendant's identity. Id. at ¶13.

McManus included that she had seen the defendant at 4259 S. Pine Avenue in the City of Milwaukee. Id. at ¶14. She described the residence as a two-story, single-family brick and sided home with white trim, a covered porch and a white screen door—with house numbers 4259—on the front, east side facing S. Pine Avenue. Id. McManus observed the Acura Integra with Wisconsin

4

license plate 361XPX parked in driveway of that residence in front of the garage. Id.

The final paragraph of the affidavit states:

> That affiant believes evidence related to the crime of burglary, in violation of Wisconsin State Statute §943.10 and credit card fraud/misappropriate ID is contained within the residence of Joel Brzenk, State of Wisconsin and requests a search warrant to recover said evidence.

Id. at ¶17.

Milwaukee County Circuit Court Judge David Borowski signed the search warrant at 1:30 p.m. on October 4, 2019, authorizing the search for the following items:

> Certain goods, chattels and property, to-wit: portable power hand tools, masonry tools, other items commonly found in garages, a welder, grinder, portable radio, credit cards, clothing, including footwear, that he was observed wearing in surveillance footage recovered from cameras near the scenes of the burglaries and/or other items which tends to establish identity of person(s) in control of specific area within a residence such as keys, mail, photographs or other personal items. Also to include an Acura Integra, with Wisconsin plate 316 XPX (VIN# JH4DC239XYS003940) and any additional vehicles parked on the property; also any detached buildings, including but not limited to garages and sheds that a party of the property .

Id. at 11-1 at 1. Law enforcement executed the warrant the same day. Dkt. No. 11 at 2.

On December 17, 2019, the federal grand jury returned a one-count indictment against the defendant, charging him with being a felon on possession of ammunition under 18 U.S.C. 922(g)(1). Dkt. No. 1. The defendant entered a not guilty plea. Dkt. No. 2.

5

B. The Defendant's Arguments

According to the defendant, the search of 4529 South Pine Avenue violated the Fourth Amendment because the affidavit provided no nexus between the evidence sought and the place to be searched. Dkt. No. 10 at 2. He admitted that the affidavit provided sufficient detail about the investigation into the garage thefts and his involvement. Id. Nevertheless, the defendant argued that the affidavit must explain why the evidence would be found in his home. Id. at 3 (citing United States v. Schultz, 14 F.3d 1093, 1097 (6th Cir. 1994); United States v. Gramlich, 551 F.2d 1359 (5th Cir. 1977); Gillespie v. United States, 368 F.2d 1, 5-6 (8th Cir. 1966); and United States v. Charest, 602 F.2d 1015, 1016-1017 (1st Cir. 1979)). According to the defendant, the mere belief that the officer may find something in the house does not provide sufficient nexus. Id. (citing United States v. Whitlow, 339 F.2d 975 (7th Cir. 1964).

C. The Government's Response

The government cited Seventh Circuit precedent that an officer need not provide direct evidence linking the crime to a particular place. Dkt. No. 11 at 4 (citing United States v. Zamudio, 909 F.3d 172, 175 (7th Cir. 2018)). Quoting United States v. Alijabari, 626 F.3d 940, 945 (7th Cir. 2010), the government argued that "simple common sense supports the inference that one likely place to find evidence of a crime is the suspect's home, at least absent any information indicating to the contrary." Id. It asserted that if officers have probable cause to arrest someone, "there is a good chance they also have probable cause to search his home for evidence." United States v. Correa, 908 F.3d 208, 220 (7th Cir. 2018).

The government cited to the statements in the affidavit showing that the defendant committed several burglaries and credit card fraud. Id. at 5. His

6

residence was in close proximity to the crimes. Id. Nothing from the investigation suggested the evidence might be found elsewhere. Id.

Alternatively, the government argued that Leon's good faith exception applied. Under this exception, evidence obtained from an invalid warrant may be relied upon if the officers executed the search in good faith. United States v. Yarber, 915 F.3d 1003, 1006 (7th Cir. 2019). The government argued that based on the nature of the crime, it was reasonable to infer that the defendant stored the items in his home where the car was located at shortly after the crimes. Id. at 6.

### D. Judge Joseph's Recommendation

Judge Joseph recommended that this court deny the defendant's motion. Dkt. No. 15. Acknowledging that the affidavit could have done more to establish the connection between the evidence and the residence, Judge Joseph still found "strong evidence connecting [the defendant] with a series of burglaries where homeowners reported that tools and a credit card were stolen." Id. at 3-4. She noted that the tipster and car registration established the Pine Avenue address as the defendant's residence. Id. at 4. She pointed out that this was not a case where significant time had passed. The affidavit was signed four days after the burglaries. Id.

Judge Joseph further determined that even if the application failed to establish probable cause, the defendant did not rebut the presumption that the warrant is still valid under Leon's good faith exception. Id.

### E. Objections

The defendant objected on the ground that Judge Joseph found that the affidavit established probable cause even though the affidavit didn't link the crimes to his home. Dkt. No. 16 at 1. According to the defendant, the

7

Case 2:19-cr-00244-PP   Filed 06/12/20   Page 7 of 11   Document 20

recommendation approached "a near bright-line rule that suspect's homes are automatically searchable so long as there's probable cause they've committed a crime elsewhere." Id. He further argued that the officers could not rely on the good faith exception because the affidavit was wholly devoid of any factual link connecting the suspected crimes to his home. Id. at 2.

**III. Analysis**

The court must answer two questions in evaluating this warrant-based search. United States v. Rees, 2020 WL 2071942, *1 (7th Cir. Apr. 30, 2020). First, the court asks whether the warrant-issuing judge "had a basis for concluding that there was a fair probability evidence of [the offenses] would be uncovered in the search[]." Id. Second, even if the warrant was invalid, the court asks whether the evidence obtained from the search was "nevertheless admissible because the officers relied on the warrant[] in objective good faith." Id. (citing Leon, 468 U.S. at 922).

The first question requires the court to consider the totality of the circumstances. Illinois v. Gates, 462 U.S. 213, 238 (1983). The court asks whether the affidavit provided enough information to cause a prudent person to believe that criminal conduct had occurred and that evidence of it would be found in the defendant's residence. Id.; Whitlock v. Brown, 596 F.3d 406, 411 (7th Cir. 2010).

The defendant in United States v. Sleet argued on appeal that the court should not have issued the search warrant because there was an insufficient nexus between the robbery and his apartment. 54 F.3d 303, 306-07 (7th Cir.1995). The Seventh Circuit explained that the a search warrant may issue "even in the absence of '[d]irect evidence linking criminal objects to a particular site.'" Id. (quoting United States v. Lamon, 930 F.2d 1183, 1188 (7th Cir.

8

1991). The affidavit in Sleet recounted that the defendant had been arrested and charged with a robbery that had been carried out in a manner similar to the robbery being investigated. Id. at 306. It stated that the defendant lived alone in an apartment complex less than a half-mile away from the scene of the robbery, the defendant matched the description given by witnesses and the witnesses said they saw the perpetrator flee toward the apartment complex in which the defendant lived. Id. at 307. The Seventh Circuit affirmed the denial of the motion to suppress, concluding that the magistrate judge had a substantial basis for concluding that there was probable cause to search the defendant's apartment. Id.

The court agrees with Judge Joseph that the affidavit could have included additional information tying the crimes to the defendant's residence. That said, the court finds the affidavit contained enough facts, given the nature of the evidence sought and the crime alleged, to allow for a reasonable inference that there was a substantial basis for concluding the search would uncover wrongdoing. After stating her experience and role in investigating three burglaries, McManus was able to tie the forced entries and the use of the pry bar to the defendant. Surveillance revealed that the man who had a pry bar in the alley was the man who used the credit card in the BP. Both the tipster and the defendant's probation agent identified the defendant from surveillance footage, tying him to the crimes committed between September 30 and October 1, 2019. The defendant's probation agent informed McManus that one of the defendant's prior crimes involved using his father's credit card without permission. The owner of the BP identified the defendant in a photo lineup. McManus provided the addresses for the burglaries and the defendant's home, which in the same vicinity, and she observed the defendant's car in the

9

driveway (the same car seen in the surveillance footage). Only a few days had passed between the crimes and the application for the warrant. The totality of the circumstances, including the fact that the defendant had used the credit card and lived in the house, supported the conclusion that there was a "fair probability"

Even if the court had not found that the application supported the affidavit, the good faith exception prevents operation of the exclusionary rule if the officer's reliance on a search warrant was objectively reasonable. Leon, 468 U.S. at 922-23. The decision to obtain the warrant in the first place invokes a presumption that the obtaining officer acted in good faith. See United States v. Lickers, 928 F.3d 609, 618 (7th Cir. 2019). To overcome this presumption, a defendant must show the existence of a situation in which the good-faith exception does not apply. Id.; see also United States v. Glover, 755 F.3d 811, 818–19 (7th Cir. 2014).

Leon identified four exceptions in which the good faith exception will not apply: (1) the affiant misled the magistrate with information the affiant knew was false or would have known was false but for the affiant's reckless disregard for the truth; (2) the magistrate wholly abandoned the judicial role and instead acted as an adjunct law-enforcement officer; (3) the affidavit was bare-boned, "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) the warrant was so facially deficient in particularizing its scope that the officers could not reasonably presume it was valid. Leon, 468 U.S. at 923 (quoting Brown v. Illinois, 422 U.S. 590, 611 (1975) (Powell, J., concurring in part)).

Because McManus obtained the search warrant and is presumed to have done so in good faith, the burden shifts to the defendant to show that one of

10

Case 2:19-cr-00244-PP    Filed 06/12/20    Page 10 of 11    Document 20

the Leon exceptions applies. The defendant has argued that the affidavit was so bare bones that reliance was unreasonable. The court disagrees. The officer provided factual details about the investigations, the pry bar, the credit card, the identification of the defendant by a tipster, the probation agent and the owner of the BP, the defendant's proximity to the crime scenes and the surveillance tape. The affidavit was not "so lacking in indicia of probable cause as to render official belief in its exists entirely unreasonable." Leon, 468 U.S. at 923.

## IV. Conclusion

The court **ADOPTS** Judge Joseph's report and recommendation. DKt. No. 15.

The court **DENIES** the defendant's motion to suppress. Dkt. No. 10.

The court anticipates the parties' filing of a status report by day's end on July 1, 2020.

Dated in Milwaukee, Wisconsin this 12th day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**